IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CODY W. ICE, SR. and C & M BONDING INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 09-3232-CV-S-GAF ) |
| IB PROPERTY HOLDINGS, LLC, INTERBAY FUNDING, LLC, and BAYVIEW LOAN SERVICING, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Presently before the Court is Defendants IB Property Holdings, LLC ("IB Property"), Interbay Funding, LLC ("Interbay"), and Bayview Loan Servicing, LLC's ("Bayview") (collectively "Defendants") Motion for Summary Judgment filed pursuant to Fed. R. Civ. P. 56 and Local Rule 7.1. (Doc. # 28). Defendants argue, for a number of reasons, Plaintiffs Cody W. Ice, Sr. ("Ice") and C & M Bonding Inc.'s ("C & M") (collectively "Plaintiffs") claims must fail as a matter of law. (Doc. # 29). Plaintiffs oppose. (Doc. # 31). For the reasons set forth below, Defendants' Motion for Summary Judgment is **GRANTED** in full.[1]

## DISCUSSION

**I.    FACTS**

Ice is an individual who resides in Texas County, Missouri. (Petition for Wrongful Foreclosure, to Reverse Foreclosure Sale, for Fraud ("Petition"), ¶ 1). C & M was a corporation

---

[1] Plaintiffs' Motion to Amend/Correct Notice of Removal (Doc. # 32) is hereby **DENIED** as moot.

registered to do business in Missouri.² (Petition, ¶ 2). Defendants are Delaware limited liability companies that conduct business in Missouri. *Id.* at ¶¶ 3-5. On December 10, 2001, C & M executed a deed of trust and note in favor of Interbay³ securing the premises located at 1491 South Sam Houston Boulevard, Houston, Missouri 65483 (the "Property"), which was C & M's principle place of business. (Petition, ¶¶ 6, 3). On July 22, 2002, Bayview sold, assigned, transferred, and conveyed all of its rights, title, and interest to the deed of trust for the Property to Wachovia Bank, N.A., as Indentured Trustee ("Wachovia/Trustee"). (Doc. # 28-3). The deed of trust and the assignment to Wachovia/Trustee was recorded in Texas County, Missouri. *Id.* Jo Ann Snyder further alleges, by way of affidavit, Bayview sold, assigned, transferred, and conveyed all of its rights, title, and interest in the note to Wachovia/Trustee. (Doc. # 28-11). Wachovia/Trustee gave Bayview power of attorney, authorizing Bayview to act as its attorney-in-fact and servicer for the Property's deed of trust and note and giving Bayview the power to sell the deed of trust and note, foreclose on the Property, or appoint a successor trustee. (Doc. # 28-4). Subsequently, Bayview, as servicer for Wachovia/Trustee, appointed Millsap & Singer, P.C. ("Millsap & Singer") Successor Trustee of the deed of trust covering the Property. (Doc. # 28-5). This appointment was recorded in Texas County, Missouri. *Id*.

C & M has not made any payments on the note since July 16, 2007. (Doc. # 28-10). C & M acknowledges it has failed to make payments on the note. (Petition, ¶ 20). As a result of C & M's default, the balance due and owing under the note was accelerated and a foreclosure sale on the

---

²C & M has remained an administratively dissolved Missouri corporation since November 7, 2007. (Doc. # 28-7).

³Interbay is now known as Bayview Loan Services LLC. (Petition, ¶ 5). Hereafter, references to Bayview also refer to Interbay.

deed of trust was scheduled. (Doc. # 28-12). The foreclosure process was delayed, however, due to C & M's filing of four (4) separate bankruptcy cases from December 2007 to June 2008. (Doc. # 28-8). The automatic stay imposed during the fourth bankruptcy was lifted on January 8, 2009. *Id.* At that time, C & M remained in default under the note. (Doc. # 28-10). Millsap & Singer, the Successor Trustee under the deed of trust, conducted a foreclosure sale of the Property on February 23, 2009, and, pursuant to the instructions of Wachovia/Trustee through Bayview, as Wachovia/Trustee's attorney-in-fact, legal title to the Property was placed in the name of IB Property, an affiliate of Bayview. (Doc. ## 28-6, 28-12).

The foreclosure sale of the Property raised proceeds of $149,000.00 (the "Proceeds"). (Doc. ## 28-10, 28-12). The Proceeds were applied to the debt remaining under the note, leaving $93,408.70, plus interest, attorney fees, and costs, still due and owing on the Property. *Id.*

On May 22, 2009, Plaintiffs filed their Petition in the Circuit Court of Texas County, Missouri. (Doc. # 2-1). Plaintiffs alleges tort claims for wrongful foreclosure, claims for civil conspiracy to wrongfully foreclose, equitable claims for wrongful foreclosure, and claims for fraudulent misrepresentation. (*See generally* Petition). Most of Plaintiffs' claims are based on Plaintiffs' belief that Millsap & Singer did not have the legal authority to foreclose on the Property. *Id.*

## II. LEGAL STANDARDS

Fed. R. Civ. P. 56 addresses motions for summary judgment. Summary judgment should be granted if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On summary judgment, a district court must view the facts "in the light most favorable to the nonmovant, giving it the benefit of all reasonable

3

inferences to be draw from the facts." *Woodsmith Publ'g Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir. 1990). A court does not weigh the evidence to resolve disputed facts, but instead determines whether there are genuine issues of fact that must be resolved at trial. *See Heritage Constructors, Inc. v. City of Greenwood, Ark.*, 545 F.3d 599, 601 (8th Cir. 2008).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Mo. ex rel. Garstang v. U.S. Dep't of Interior*, 297 F.3d 745 (8th Cir. 2002) (citations omitted). If a moving party carries its initial burden, the party opposing summary judgment must go beyond the pleadings, and by affidavits or by the "depositions, answers to interrogatories, and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a party bearing the burden of proof on an essential element of a claim does not make a sufficient showing on the element, the opposing party is "entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323.

## III. ANALYSIS

## A. STANDING

To hear a plaintiff's case, the plaintiff must demonstrate that the threshold jurisdictional requirement of standing is met. *See Hornes v. Flores*, 129 S. Ct. 2579, 2592 (U.S. 2009). The doctrine of standing "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction." *Summers v. Earth Island Inst.*, 129 S. Ct. 1142, 1149 (U.S. 2009) (quotations omitted and emphasis in original). To establish standing, "a plaintiff must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling." *Id.*

Here, Ice lacks standing to assert any claims made in the Petition. No evidence demonstrates Ice held any interest in the Property at any time pertinent to this action. Without having an interest in the Property, Ice cannot demonstrate he suffered a concrete, particularized, actual injury. *See id.*; *see also Scott v. Unknown Heirs of Solomon Garrison*, 235 S.W.2d 372, 375 (Mo. 1951) (holding party without interest in property at time of sale had no standing to challenge a tax deed); 35 Missouri Practice, *Personal Injury and Torts Handbook* § 57:6 (2009) ("The proper plaintiff in a wrongful foreclosure action is the mortgagor, i.e., the owner of the fee."). Because Ice lacks standing to assert any claims set forth in the Petition, Defendants' Motion for Summary Judgment regarding all claims asserted by Ice is **GRANTED**.

**B.     Counts I, II, and IV**

C & M's Count I alleges tort claims for wrongful foreclosure. Count II alleges tort claims for civil conspiracy to wrongfully foreclosure. Count IV alleges tort claim for fraudulent misrepresentation relating to the alleged wrongful foreclosure. Under Missouri law, all of C & M's tort claims stemming from the foreclosure must fail because C & M was in default at the time of the foreclosure sale.

"A tort action for damages for wrongful foreclosure lies against a mortgagee only when the mortgagee had no right to foreclose at the time foreclosure proceedings were commenced." *Fields v. Millsap & Singer, P.C.*, 295 S.W.3d 567, 571 (Mo. Ct. App. 2009). "If the right to foreclose existed, no tort cause of action for wrongful foreclosure can be maintained." *Id.* Therefore, a plaintiff "seeking damages in a wrongful foreclosure action must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose." *Id.*; *see also Dobson v. Mortgage Elec. Registration Sys., Inc./GMAC Mortgage Corp.*,

259 S.W.3d 19, 22 (Mo. Ct. App. 2008) (holding there can be "no tort cause of action for wrongful foreclosure when there is a right to foreclose").

In this case, C & M failed to present any evidence creating a factual dispute regarding whether it was in default at the time of foreclosure. The evidence overwhelmingly establishes that C & M had ceased making payments on the Property as early as July 6, 2007, declared bankruptcy four (4) times between 2007 and 2008, and was in default at the time of the foreclosure sale. Because a right to foreclose existed at the time of foreclosure, C & M may not maintain a tort cause of action arising from an alleged wrongful foreclosure. Accordingly, Defendants' Motion for Summary Judgment on Claims I, II, and IV is **GRANTED**.

## C. Count III

Count III of the Complaint alleges an equitable claim for wrongful foreclosure. Under Missouri law, "[i]f the mortgagee [had] the right to foreclose, but the sale was otherwise void or voidable, then the remedy is a suit in equity to set the sale aside." *Dobson*, 259 S.W.3d at 22. "A mortgagor [] can invoke the aid of equity to set aside a foreclosure sale only if fraud, unfair dealing or mistake was involved in the trustee's sale." *Am. First Fed., Inc. v. Battlefield Ctr., L.P.*, 282 S.W.3d 1, 8-9 (Mo. Ct. App. 2009).

Here, the facts demonstrate the mortgagee, Wachovia/Trustee, had the right to foreclose due to C & M's default, and C & M has failed to plead facts sufficient to demonstrate that the foreclosure sale was otherwise void or voidable due to fraud, unfair dealings, or mistake in the sale. Viewing the facts alleged relating to Claim III in C & M's favor, C & M appears only to generally argue that it was fraudulent for Millsap & Singer to have proceeded with the foreclosure because they allegedly did not have authority to do so. Generally, "a party fails to make out a case of fraud

when the facts and circumstances presented are as consistent with honesty and good faith as they are with fraud." *Macon-Atlanta State Bank v. Gall*, 666 S.W.2d 934, 941 (Mo. Ct. App. 1984); *see generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "Fraud is not presumed and its inference can be drawn only if the evidence rises above mere suspicion and points logically and convincingly to fraud. Such a finding must rest on more than suspicion, surmise and speculation." *Id.* C & M's claims of fraud amount to no more than suspicion, surmise, and speculation. Moreover, C & M has failed to demonstrate that Defendants' actions relating to the foreclosure were as inconsistent with lawful action taken in good faith. Defendants have met their burden to demonstrate the absence of a genuine issue of material fact regarding the equitable claim for wrongful foreclosure, and C & M has failed to carry its burden to designate any specific facts demonstrating that there is a genuine issue of fact for trial on the issue. *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323. For these reasons, Defendants' Motion for Summary Judgment on Claim III is **GRANTED**.

## CONCLUSION

Defendants' have established that they are entitled to judgment as a matter of law on all of claims in the Petition. For this reason, and those reasons stated above, Defendants' Motion for Summary Judgment is **GRANTED** in full.

**IT IS SO ORDERED.**

                                                  s/ Gary A. Fenner
                                                  Gary A. Fenner, Judge
                                                  United States District Court

DATED: May 13, 2010